**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **SIEGEL-ROBERT, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No.: 1:08-cv-01008-JDB-tmp** |
| **DART INDUSTRIES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| **CONSOLIDATED WITH:** ) | |
| ) | |
| **SIEGEL-ROBERT, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.: 1:07-cv-01206-JDB-tmp** |
| ) | |
| **UNITED INVENTORY SERVICES,** ) | |
| **INC., aka UIS POLYMER,** ) | |
| ) | |
| **Defendant/Third-Party Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DART INDUSTRIES, INC.,** ) | |
| ) | |
| **Third-Party Defendant.** ) | |

---

**MEMORANDUM IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER
AND CONTINUE TRIAL DATE**

---

COMES NOW the Plaintiff, Siegel-Robert, Inc. ("SRI"), pursuant to Fed. R. Civ. P. 16(b), and submits this Memorandum in Support of SRI's Motion to Amend Schedule Order and Continue Trial Date.

268166.2

## A.  Procedural History

SRI commenced the action against United Inventory Services, Inc., a/k/a UIS Polymer ("UIS") on November 21, 2007.  UIS, in turn, brought a third party claim against Dart Industries, Inc. ("Dart") on December 28, 2007.  SRI also commenced an action directly against Dart on January 4, 2008.  The claims among the parties all arise out of the same incident:  a fire that destroyed a building owned by Dart, which was being used by UIS to store materials, including materials owned by SRI.

On February 19, 2009, the Court entered an Order consolidating the two cases.  The Scheduling Order in this case was most recently amended on January 29, 2009.  The Amended Scheduling Order set a deadline of June 26, 2009, for the completion of all written discovery and non-expert depositions.  The Amended Scheduling Order also set deadlines of July 31, 2009, to complete all discovery including expert depositions, and August 28, 2009, for the filing of dispositive motions.  On February 20, 2009, the Court set these consolidated cases for trial to commence on December 7, 2009.

On June 22, 2009, Dart filed a Motion to Compel Production of Documents and Amend the Scheduling Order seeking two elements of relief:  (1) an order compelling SRI to produce additional documents pursuant to discovery propounded by Dart and (2) an extension of the deadline for written discovery and non-expert depositions until July 31, 2009.  After Dart filed its Motion to Compel, SRI located and produced additional responsive documents.  On June 26, 2009, SRI responded to Dart's Motion to Compel.  In its response, Dart submitted the Affidavit of Barry Klinckhardt, Corporate Counsel for SRG Global, Inc. (the corporate entity that acquired SRI after commencement of this action). [D.E. 49-2.]  In his Affidavit, Mr. Klinckhardt set forth the circumstances regarding SRI's attempts to respond to the Request for Production of

Documents propounded by Dart and UIS in this case.  In its response, SRI also stated its concurrence with Dart that the Scheduling Order should be amended as requested in Dart's Motion.  On July 9, 2009, Magistrate Judge Pham held  hearing on Dart's Motion.  Following that hearing, Magistrate Judge Pham entered a Minute Entry denying Dart's request for an order compelling production of additional documents as moot and granting Dart's Motion to amend the scheduling order, extending the non-expert deposition deadline until August 10, 2009.

### B.      Discovery Issues

On July 6, 2009, Dart propounded a 30(b)(6) Deposition Notice to SRI.  That Notice set the deposition of SRI's designated representative for July 20, 2009.  While attempting to identify the proper witness(es) to respond to the 30(b)(6) Notice, counsel for SRI was informed that the current economic climate in the automobile industry had caused SRI to shut down operations for a two week period until July 20, 2009.  Accordingly, SRI could not identify the appropriate witnesses to present on behalf of SRI in the time required by the Deposition Notice.  On July 8, 2009, SRI propounded a 30(b)(6) Deposition Notice to Dart identifying several issues upon which Dart would have to present a representative to testify regarding.  UIS followed suit on July 15, 2009, propounding 30(b)(6) Deposition Notices to both SRI and Dart.  Counsel for all three parties have cooperated in trying to schedule these depositions.  Unfortunately, it does not seem likely that the parties can conclude the remaining discovery in this case by the August 10, 2009, deadline recently set by Magistrate Judge Pham.

As set forth in Barry Klinckhardt's Affidavit submitted in support of SRI's Response to Dart's Motion to Compel discovery [D.E. 49-2], identifying the appropriate SRI representatives to respond to the respective 30(b)(6) Deposition Notices propounded by Dart and UIS is difficult due to the fact that, subsequent to the filing of this lawsuit, SRI was acquired by another

company (Guardian Automotive, Inc.) and ultimately renamed SRG Global, Inc.  The SRI facility that is most closely involved with the incident that is the subject of  this lawsuit was closed more than a year ago.  Very few of the personnel employed by SRI at that facility are currently employed by SRG.  Accordingly, it has been a very difficult task for SRI to attempt to find any current personnel with factual knowledge regarding the various issues identified by Dart and UIS in their respective 30(b)(6) Deposition Notices.  Further complicating the parties' attempts to cooperate in completing discovery in this case is the fact that respective potential 30(b)(6) witnesses are spread out over a wide and diverse geographic area.  The SRI personnel who may have knowledge regarding the issues sought in the 30(b)(6) Deposition Notices reside in St. Louis, Missouri.  The appropriate representatives for Dart reside in Orlando, Florida.  SRI is attempting to locate personnel from the Tennessee facility who would have knowledge regarding the issues identified by Dart and UIS, whose depositions would likely take place in Memphis, Tennessee.

In addition to the various 30(b)(6) depositions remaining to be taken in this case, there are at least two other depositions required to complete discovery.  SRI and UIS still need to take the deposition of Stephen Driscoll, the expert witness identified in Dart's June 22, 2009, Expert Witness Disclosure.  In addition, on July 10, 2009, SRI supplemented its Fed. R. Civ. P. 26(a)(1) Initial Disclosures regarding Subsection (C), SRI's calculation of damages.  The revised damages calculation was prepared by Steve Schultheis.  Although the Defendants have previously taken Mr. Schultheis' deposition, at that time, the parties only had Mr. Schultheis' original damage calculation that was prepared as part of SRI's submission of an insurance claim for the lost property damaged in the fire.  Mr. Schultheis has since revised his calculation.  SRI has disclosed that revision to the Defendants.  SRI assumes the Defendants wish to take a second

deposition of Mr. Schultheis regarding this new information.  In addition, since Mr. Driscoll's expert witness report focused on the SRI damages calculation, it is likely that Mr. Driscoll may need to either amend or supplement his opinions regarding the recent supplementation of SRI's 26(a)(1) Initial Disclosures.  Finally, in response to the data submitted in support of Mr. Driscoll's opinions, SRI retained a non-testifying consulting expert witness.  While SRI did not intend this witness to testify at trial, it may be necessary to supplement SRI's Expert Witness Disclosure to identify this individual and allow the Defendants an opportunity to examine him on his opinions regarding the data supporting the damages calculation.

Disallowing SRI's request to extend the deadline for disclosure of expert witnesses may be tantamount to dismissal of SRI's claims.  Where exclusion of evidence is tantamount to dismissal of claims, the courts should not disallow such evidence.  *Heartland Bank v. Heartland Home Fin., Inc.,* 335 F.3d 810, 817 (8th Cir.2003); *Laclede Gas Co. v. G.W. Warnecke Corp.,* 604 F.2d 561, 565-66 (8th Cir.1979) (drastic sanctions, such as dismissal, require a finding of willfulness, bad faith, or fault on the part of the noncompliant party).  Additionally, "the exclusion of evidence is a harsh penalty and should be used sparingly." *ELCA Enters. v. Sisco Equip. Rental & Sales,* 53 F.3d 186, 190 (8th Cir.1995); *see Bergfeld v. Unimin Corp.,* 319 F.3d 350, 355 (8th Cir.2003).

Dart has filed a motion for partial summary judgment seeking to disallow proof of certain damages in part because Mr. Schultheis has not been disclosed as an expert.  Additionally, Dart seeks to disallow damages for lost regrind and reprocessed material on the basis of Dart's allegation that Plastic News Weekly is inadmissible hearsay and that SRI has not designated an expert witness to testify to these matters.  SRI disputes Dart's claims.  However, assuming arguendo that Dart is correct, not allowing SRI to supplement its expert witness disclosure may

result in the dismissal of SRI's claims for damages against Dart. As such, the scheduling order should be revised to allow for SRI's disclosure of its non-testifying consulting expert as an expert expected to testify at trial in order to allow SRI to proffer reliable proof of its damages.

### C.  Revising the Scheduling Order and Continuing the Trial Date

The parties in this litigation have cooperated well in attempting to exchange the voluminous information relating to the claims and defenses asserted in this case. Additional discovery is necessary for this case to be ready for trial. The current discovery deadlines could not be extended any further without threatening the December 7, 2009, trial date. Discovery must be concluded prior to the deadline to submit dispositive motions. Any dispositive motions must be submitted at least 90 days prior to trial. SRI acknowledges that the difficulties it has encountered in locating documents, obtaining information to respond to interrogatories, and identifying appropriate witnesses in response to the 30(b)(6) depositions have exacerbated the obstacles to completing discovery under the current Scheduling Order.

As set forth in the attached proposed amended Scheduling Order, SRI requests that the Court amend the current Scheduling Order to adopt the following deadlines:

| | |
|---|---|
| *Deadline for SRI to supplement Expert Witness Disclosure:* | *August 31, 2009* |
| *Deadline for UIS and Dart to supplement Expert Witness Disclosures in response to SRI's Supplemental Disclosures:* | *September 14, 2009* |
| *Deadline to complete all non-expert witness depositions:* | *September 30, 2009* |
| *Deadline to complete all expert witness depositions:* | *October 16, 2009* |
| *Deadline to submit dispositive motions:* | *October 30, 2009* |
| *Trial Date:* | *Late First Quarter 2010* |

**D.**      <u>**Conclusion**</u>

Based on the foregoing, SRI respectfully requests that the Court amend the current Scheduling Order as set forth in the attached proposed Amended Scheduling Order and that the Court continue the December 7, 2009, trial date until late in the first quarter of 2010.

Respectfully submitted,

/s/ Kenneth S. Schrupp

Jefferson C. Orr (BPR # 12743)
jorr@smithcashion.com
Kenneth S. Schrupp (BPR #15648)
kschrupp@smithcashion.com
Smith Cashion & Orr, PLC
231 Third Avenue North
Nashville, Tennessee 37201-1603
Telephone:      (615) 742-8555
Facsimile:      (615) 742-8556
*Attorneys for the Plaintiff Siegel-Robert, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John J. Heflin
johnheflin@bhammlaw.com
John Marshall Jones
johnjones@bhammlaw.com
BOURLAND, HEFLIN, ALVAREZ, MINOR & MATTHEWS, PLC
5400 Poplar Avenue, Suite 100
Memphis, Tennessee  38119
(901) 683-3526 – Tel
(901) 763-1037 – Fax
*Attorneys for Defendant Dart Industries, Inc.*

Kenneth R. Shuttleworth
krs@shuttleworthwilliams.com
Abigail J. Webb
awebb@shuttleworthwilliams.com
SHUTTLEWORTH, WILLIAMS, PLLC
22 N. Front Street, Suite 850
Memphis, Tennessee  38103
(901) 526-7399 – Tel
(901) 526-5056 – Fax
*Attorneys for United Inventory Services, Inc.*

_____/s/ Kenneth S. Schrupp_____
Kenneth S. Schrupp