IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

SIEGEL-ROBERT, INC.,

    Plaintiff,

v.                              Civil No. <u>07-1206-B/P</u>
UNITED INVENTORY SERVICES, INC.,
a/k/a UIS POLYMER,

    Defendant/Third-Party Plaintiff,

v.

DART INDUSTRIES, INC.,

    Third-Party Defendant.

<u>CONSOLIDATED CASE</u>:

SIEGEL-ROBERT, INC.,

    Plaintiff,

v.                              Civil No. <u>08-1008-B/P</u>
DART INDUSTRIES, INC.,

    Defendant.

---

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF SIEGEL-
ROBERT, INC.'S MOTION TO AMEND SCHEDULING ORDER AND CONTINUE
TRIAL DATE

---

    Before the court is the Motion to Amend Scheduling Order and Continue Trial Date filed by Plaintiff Siegel-Robert, Inc. (D.E. 59.) The Court conducted a hearing on the Motion on August 20, 2009. The following counsel were present: Kenneth S. Schrupp for Plaintiff Siegel-Robert, Inc. ("Siegel-Robert"); Abigail Jones Webb

for Defendant/Third-Party Plaintiff United Inventory Services, Inc., a/k/a UIS Polymer ("UIS"); and John J. Heflin, III and John Marshall Jones for Third-Party Defendant Dart Industries, Inc. ("Dart").

Upon the Motion, the responses of Dart and UIS in opposition thereto, Siegel-Robert's reply, the arguments of counsel, and the entire record, the Court GRANTS in part and DENIES in part Siegel-Robert's Motion to Amend Scheduling Order and Continue Trial Date:

1. Dart and UIS consent to some of the relief sought by Siegel-Robert. Therefore, and for good cause shown, the Court GRANTS the motion in part as follows:

- The deadline to complete all non-expert depositions is extended to September 30, 2009.

- The deadline to complete all expert witness depositions is extended to October 16, 2009.

- The deadline to submit dispositive motions is extended to October 30, 2009.

- The trial is hereby continued, and the parties request that the trial date be set for sometime late in the first quarter of 2010. The parties will be notified of the new trial date by separate order from the District Judge.

2. The Court DENIES the motion to the extent Siegel-Robert seeks an extension of its deadline to supplement its expert witness disclosures and/or to designate any additional expert witness(es).

Rule 16 of the Federal Rules of Civil Procedure provides in relevant part that the "schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.

16(b)(4).  In deciding a motion to amend the scheduling order, the court primarily considers the diligence of the party seeking the modification, and also examines the prejudice to the non-moving party or parties.  Leary v. Daeschler, 349 F.3d 888, 906 (6th Cir. 2003).  Additionally, Rule 37 provides in relevant part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).  The court has reviewed the instant motion under both Rule 16 and Rule 37, primarily considering Rule 16 because the relief sought by Siegel-Robert relates to the court's scheduling order.

The court finds that Siegel-Robert has not demonstrated diligence as required by case law interpreting Rule 16 with respect to attempting to comply with the scheduling order.  Pursuant to the scheduling order entered on June 23, 2008 (D.E. 25), Siegel-Robert's deadline to disclose its expert witnesses was November 28, 2008.  At that time, Siegel-Robert disclosed an expert witness on liability, but none as to damages.  Upon review of the record, the court concludes that, at that time, Siegel-Robert made a conscious decision not to disclose a damages expert.  Moreover, it appears to the court that when Dart and UIS deposed former Siegel-Robert employee Steven Schultheis on February 17, 2009, Siegel-Robert

-3-

recognized it had some difficulty with its theory and/or evidence of damages. Siegel-Robert's encountering an evidentiary weakness or witness whose testimony was not as strong as had been anticipated is the type of event that occurs in virtually every case, and that event by itself does not constitute good cause for amending the scheduling order to allow a party to designate a damages expert nearly eight months after the deadline for doing so has expired. Moreover, the defendants were not notified of Siegel-Robert's intention to file the present motion until several months after the Schultheis deposition. Thus, there has been no showing of the diligence necessary to support a showing of good cause to extend the November 28, 2008 date by which Siegel-Robert was required to disclose its expert witnesses.

The court also finds that Dart and UIS would be substantially prejudiced if Siegel-Robert were allowed to disclose an expert witness on damages after the deadline to do so has passed. Dart and UIS have expended considerable resources in developing their evidence, including Dart's development of its expert proof regarding Siegel-Robert's claimed damages. If Siegel-Robert were allowed to disclose a damages expert at this point, Dart and UIS likely would be forced to re-open discovery and relitigate the damages issue, and there would be attendant delay. In addition, Dart has pending before the court a motion for partial summary judgment as to Siegel-Robert's claimed damages. Although this

summary judgment motion was filed only a few days before Siegel-Robert filed the present motion to amend – and during the time period that Siegel-Robert was consulting with opposing counsel on the motion to amend as required by the Local Rules – the court affords some weight to the prejudice that would result from allowing a late designation of a damages expert while that motion is pending.  The court also notes that Siegel-Robert asserts that Schultheis is competent to prove its claimed damage, and consequently, it is not a certainty that the denial of the motion to amend would result in the dismissal of Siegel-Robert's claims.

In sum, the court concludes that, under Rule 16, Siegel-Robert has not satisfied the requirement of diligence necessary to a showing of good cause to support the requested amendment of the scheduling order, and that such an extension would substantially prejudice Dart and UIS.  For these same reasons, the court further finds that, under Rule 37, Siegel-Robert's untimely disclosure of a damages expert is not substantially justified, and permitting the testimony of that untimely-disclosed damages expert would not be harmless to Dart and UIS.

3.   Finally, the court denies as moot Siegel-Robert's motion to the extent it seeks an extension of the deadline for Dart and UIS to supplement their expert witness disclosures in response to Siegel-Robert's supplemental disclosures.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 24, 2009
Date